[No. 2554]

## IN THE MATTER OF THE ESTATE OF DENIS HEGARTY, DECEASED.

[212 Pac. 1040]

1. WILLS—UNDUE INFLUENCE DOES NOT INVALIDATE, UNLESS IT DESTROYS TESTATOR'S FREE AGENCY AND CONTROLS DISPOSITION OF PROPERTY.

   The mere possession of influence and the opportunity and motive to exercise it are not sufficient to invalidate a will on the ground of undue influence, but it must appear, either directly or by justifiable inference from the facts proved, that the influence was exercised, so as to destroy the free agency of the testator and control the disposition of the property under the will.

2. WILLS—EVIDENCE HELD INSUFFICIENT TO SUPPORT CHARGE OF UNDUE INFLUENCE.

   Where a will was contested on the ground of undue influence of the sole beneficiary, testator's sister, who lived in another state and visited testator at intervals, and it appeared that during testator's illness in a hospital the sister and her husband visited him three times a day, but remained in the corridor when the will was executed and had no knowledge of its contents, held, that the circumstances were insufficient to support a charge of undue influence.

3. WILLS—UNNATURAL DISPOSITION OF PROPERTY WILL NOT INVALIDATE WILL, IN ABSENCE OF UNDUE INFLUENCE.

   A will cannot be impeached because the disposition of the property appears unreasonable, or the result of an unaccountable sudden change in testator's feeling toward his relatives left out of the will; no undue influence, as defined by law, appearing.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Proceeding to contest the will of Denis Hegarty, deceased. A determination in favor of Catherine Coleman, proponent, and adverse to contestants was made, and from an order denying a motion for a new trial, they appeal. **Affirmed.**

*H. V. Morehouse* and *McCarran & Mashburn,* for Appellants:

The rule is that a case of undue influence is made out when it is shown: That the testator was subject to such influence; that the opportunity to exercise it existed; that there was a disposition to exercise it;

and that the result appears to be the effect of such influence. Skrinsrud v. Schwen, 147 N. W. 370.

The testator's will should be the product and offspring of a rational self-poised and clearly disposing mind. Gay v. Gilliam, 1 Am. St. 720; 1 Redfield on Wills, 537; Lynch v. Clements, 24 N. J. Eq. 431.

"The fact of undue influence need not be proved by direct evidence, but may be inferred from all the circumstances, and if the testamentary dispositions are unnatural or unjust, there is an indication of undue influence." In Re Welch's Will, 91 Pac. 336; In Re Blair's Will, 16 N. Y. S. 874; Rollwager v. Rollwager, 63 N. Y. 504; Holt v. Guerginn, 156 S. W. 581. "Against the beneficiary under a will, having the testator under his control, with power to make his will the will of testator, expecially in the case where the testator has made an unnatural disposition of his property, the law presumes undue influence." Greenwood v. Cline, 7 Or. 17. To similar effect: Carroll v. Hause, 48 N. J. Eq. 269; Mowry v. Norman, 103 S. W. 15; Haydock v. Haydock, 33 N. J. Eq. 494; Blockman v. Edsall, 68 Pac. 792.

The most positive testimony of a beneficiary, though not impeached, may, on account of his interest, bias, and the benefit he got under the will, be contradicted by the very fact of the will itself. "The inherent improbability of the story is sufficient to negative the testimony of any number of witnesses." Dodge v. Post, 76 Fed. 810; Earl v. Norfolk, 36 N. J. Eq. 188–194. "He may be contradicted by the facts he states as completely as by direct adverse evidence." Quock Ting v. U. S., 140 U. S. 417; Blankman v. Vallejo, 15 Cal. 639.

*M. B. Moore* and *Wm. McKnight,* for Respondent:

Testamentary capacity being necessary before undue influence can have any operation, its existence will be assumed on an issue of undue influence. 28 R. C. L. 139; 40 Cyc. 1150; Gwin v. Gwin, 5 Idaho, 271, 48 Pac. 295.

Where the evidence is conflicting on the question of undue influence, the supreme court will not reverse a finding of the lower court that there was no undue influence, unless the court can say that the weight of the testimony is the other way. Keegan's Estate, 139 Cal. 123, 72 Pac. 828; Compher v. Browning, 219 Ill. 428, 76 N. E. 678, 109 Am. St. Rep. 346; McDevitt's Estate, 95 Cal. 17, 30 Pac. 101.

Undue influence cannot be established on slight and uncertain evidence. 40 Cyc. 1164. Nor does suspicion, possibility, or guess that undue influence was used, justify setting a will aside. 40 Cyc. 1164; Keegan's Estate, 139 Cal. 123, 72 Pac. 828–829; Nelson's Estate, 39 Minn. 204, 39 N. W. 143; Blackman v. Edsall, 68 Pac. 792.

The burden of proof of undue influence is on the contestant. 28 R. C. L. 144, sec. 98; 40 Cyc. 1150; Isom v. Canedy, 88 South. 485.

Testimony that is not improbable, and not contradicted by other credible testimony, cannot be arbitrarily disregarded. In Re Cooper, 75 N. J. Eq. 177; Grant v. Stemler, 68 N. J. Eq. 555; Henry v. Hall, 106 Ala. 84, 54 Am. St. Rep. 22.

Testimony of subscribing witnesses is of great weight. Massey v. Huntington, 7 N. E. 269; Buckey v. Buckey, 18 S. E. 383.

Unnatural disposition only one element to be considered. 6 L. R. A. (N.S.) 202.

It does not devolve upon the proponent to explain away the unreasonableness of the will. Black's Estate, 132 Cal. 392, 64 Pac. 695.

By the Court, SANDERS, J.:

This was a contest of the will of Denis Hegarty, deceased, prior to probate. The grounds of the contest were the mental incapacity of the deceased to execute a will and the alleged undue influence upon the mind of the testator by Catherine Coleman, a sister and the sole beneficiary of the testator's bounty. The contest

was instituted by the surviving brothers and sisters of the deceased, all residents of Nohoval, County Cork, Ireland. The contest was tried by the court without the assistance of a jury, and was determined adversely to contestants.

This appeal is taken from an order denying contestants' motion made for a new trial, on the grounds that the court's decision was contrary to the evidence and is against law. We observe from the brief of counsel that the issue raised by the contestants as to the testator's mental incapacity to execute a will is not insisted upon on this appeal, thus narrowing the issue to that of the alleged undue influence exercised upon the mind of the testator by Catherine Coleman, who is the beneficiary, executrix, and proponent of the will for probate.

Denis Hegarty, a bachelor, 62 years of age, a native of Ireland, came to the United States more than thirty years ago and located at Reno, where, through frugal industry, he acquired property in Reno and Sparks, Nevada, consisting of real and personal property of the estimated value of $24,000 at the time of his death, which occurred at the Franklin Hospital, in San Francisco, on the 21st day of January, 1920. His will was duly and legally executed on the 15th day of January, 1920, while he was a patient in that institution. The second clause of the instrument reads:

"I devise and bequeath to Catherine Coleman, my sister, all my property both real and personal, mixed and wheresoever located."

The last clause of the instrument reads:

"I hereby nominate and appoint Catherine Coleman the executrix of this last will and testament, to serve without any bond being required of her, and hereby revoke all former wills by me made."

The testator left surviving three brothers and four sisters, including said Catherine Coleman. The testator's relations with his brothers and sisters were at all times friendly and affectionate. His sister, Catherine Coleman, had once lived for a few months in Reno, but for the past twenty-one years had resided in San Francisco. She occasionally visited the deceased in Reno,

but only once within five years preceding his death, which visit was in July, 1919. The deceased had been in failing health for a year or more before his death. He did not know the cause or source of his ailment, and on January 8, 1920, he went to San Francisco for the purpose of receiving treatment. He arrived in that city on the morning of the 9th, and went directly to the home of his sister. On the 11th the deceased complained to his sister of a severe pain in his side. She suggested that a physician be called, which was done, and upon examination the physician told Mrs. Coleman that her brother had liver trouble, probably cancer, and advised that he be taken to the Franklin Hospital, where he was taken by Mr. and Mrs. Coleman on the 12th. He was visited there by Mrs. Coleman three times a day up to the time of his death, and by Mr. Coleman in the evening of each day. On the 13th, the deceased requested Mr. Coleman to bring to him a notary public, for the purpose of drawing some papers. Coleman neglected to get a notary, as requested, and on the next evening, the 14th, the deceased again requested that a notary be obtained for him. On the 15th Coleman procured a notary, and on the date the will was duly executed, without the presence of Mr. and Mrs. Coleman, who remained in the corridor near the door of the testator's ward, while the will was being prepared and executed. Both deny that any persuasion or pressure was brought to bear by them on the testator, or that they had any knowledge of what the will would contain, and the evidence tends to show that the notary, who was the drafter of the will, and the witnesses thereto, were strangers to the testator and the beneficiary. No question is made of the mental capacity of the testator to make a will.

In the case of Abel v. Hitt, 30 Nev. 93, 93 Pac. 227, the will of the testatrix was invalidated on the ground that the evidence was sufficient to show that the testatrix was mentally incompetent to execute a will, and that the testatrix, in making her will, acted under undue influence. While the court in that case did not attempt or pretend to lay down any rule as to what in

law constitutes undue influence, it is inferable from the opinion that the conditions and circumstances attending and surrounding the preparation and execution of a will are elements of proof to be considered in the determination of the question of wrongful or undue influence.

In this case it is conceded, or must be conceded, that there is no direct evidence of undue influence, and no evidence at all of such, other than the inferences to be drawn from the following facts: First, the opportunity for its exercise; secondly, that the instrument makes the proponent of the will the sole beneficiary of the testator's bounty; and, third, that the will is unnatural.

1. As to the first proposition, it is well settled that mere possession of influence and the opportunity and motive to exercise it are not sufficient; it must appear, either directly or by justifiable inference from the facts proved, that the influence was exercised so as to destroy the free agency of the testator and control the disposition of the property under the will. In Re Purcell's Estate, 164 Cal. 300, 128 Pac. 932; Comm. on Wills, Alexander, sec. 593.

2. As to the second proposition, it is equally well settled that, unless the influence of the beneficiary be unduly exercised, it is not material that the beneficiary was interested in the will, or had better opportunity for solicitation or persuasion than the contestants. Comm. on Wills, Alexander, sec. 593, and authorities collated in note. Upon these authorities, read in connection with the particular facts in this case, we are of the opinion that the inferences to be drawn from the opportunity for exercising undue influence on the part of the beneficiary, and the circumstances that the will made Catherine Coleman the sole beneficiary of the testator's bounty, are wholly insufficient to support the charge of undue influence.

The third proposition, that the will is unnatural, is worthy of fuller discussion. There are cases holding that an unequal or unnatural disposition of an estate does not create a presumption of undue influence.

Kitchell v. Beach, 35 N. J. Eq. 446; Kise v. Heath, 33 N. J. Eq. 239; Ginter v. Ginter, 79 Kan. 721, 101 Pac. 634, 22 L. R. A. (N.S.) 1024; Singer v. Taylor, 90 Kan. 285, 133 Pac. 841. As said in Singer v. Taylor, while an unnatural disposition of property may be considered in connection with evidence of undue influence, it is ineffectual as proof, in the absence of other evidence, that undue influence was exercised, because, in the absence of statutory restrictions, every one has the right to dispose of his property according to his own desires.

In the present case it appears that, in the course of the preparation of the will, the testator, in reply to a question propounded by its drafter, stated that he had other relatives in Ireland. He was then asked, "What do you want to do with the relatives in Ireland?" His reply was, "To hell with the relatives in Ireland." Prior to the execution of the will, the testator was on friendly and affectionate terms with his surviving brothers and sisters in Ireland, and it must be conceded that the sudden change of his mental attitude toward them stands in the record unexplained.

3. But the will cannot be impeached because the disposition of the property appears to us to be unreasonable, or the sudden change of the testator's feelings toward his relatives unaccountable. If the evidence in any case, when viewed from a standpoint most favorable to the contestants, does not show undue influence as defined by law, the will is not to be invalidated merely because of suspicion, or because it does not conform to ideas of propriety. In Re Lavinburg's Estate, 161 Cal. 536, 119 Pac. 915; In Re Kilborn's Estate, 162 Cal. 4, 120 Pac. 762. The evidence discloses that at the time he made his will the testator was possessed of vigorous intellect. Being capable and without restraint, it was his privilege to give or to withhold his bounty, as he might elect.

It is argued that the influence resulting from Mrs. Coleman's kindnesses and attentions, taken in connection with her relationship, poisoned the mind of the

testator against his brothers and sisters, just as near to him as Mrs. Coleman. The argument is plausible, but not convincing. Influences resulting from family relationship have no taint of unlawfulness. It is only when such an influence is unduly exerted, so as to prevent the will from being truly the act of the testator, that the law condemns it as a vicious element of the testamentary act. Dean v. Negley, 41 Pa. St. 312, 80 Am. Dec. 620. It is not sufficient that the testator was influenced by the beneficiaries in the ordinary affairs of life, or that he was surrounded by them and in confidential relations with them at the time of the execution of the will. Nelson v. York (Okl. Sup.), 209 Pac. 425.

As the evidence in this case fails to establish undue influence, as defined by law, we are impelled to affirm the order denying and overruling the contestant's motion for a new trial.

It is so ordered.